*Palencar v. New York Power Authority*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty.

PRESENT:  RICHARD J. SULLIVAN,
　　　　　　MICHAEL H. PARK,
　　　　　　WILLIAM J. NARDINI,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------

STEVEN PALENCAR,

　　*Plaintiff-Appellant,*

　　　　　　　v.　　　　　　　　　　　　　　No. 19-3640

NEW YORK POWER AUTHORITY, GIL QUINIONES, KRISTINE PIZZO, ED WELZ, PHILIP TOIA, WILLIAM SENIOR, RANI POLLACK, DIANA BODOLATO,

*Defendants-Appellees.*[*]

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:　ALLEN A. SHOIKHETBROD, Tully Rinckey PLLC, Albany, NY.

FOR DEFENDANTS-APPELLEES:　JONATHAN B. FELLOWS, Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Steven Palencar appeals from an order of the United States District Court for the Northern District of New York (Hurd, *J.*) granting summary judgment in favor of New York Power Authority ("NYPA") and seven individual defendants currently or previously affiliated with NYPA (together, "Appellees"). As relevant here, Palencar, a former NYPA employee, brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, alleging that he suffered unlawful discrimination based on his sexual orientation

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

and retaliation for engaging in protected activity. On appeal, Palencar argues that the district court improperly weighed the evidence and made credibility determinations in granting summary judgment to Appellees despite the existence of genuine issues of material fact as to his Title VII and NYSHRL claims.[1] We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, to which we refer only as necessary to explain our decision.

We review the district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [his] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013).

## I. Discrimination

In evaluating Title VII and NYSHRL discrimination claims where the plaintiff lacks direct evidence of discriminatory conduct, we apply the familiar three-step burden shifting framework established in *McDonnell Douglas Corp. v.*

---

[1] The district court also granted summary judgment on Palencar's retaliation claims under New York Labor Law § 740 and the Fair Labor Standards Act, but Palencar's opening brief fails to preserve those claims. *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (explaining that claims are abandoned when presented "in a perfunctory manner, unaccompanied by some effort at developed argumentation" (internal quotation marks omitted)).

*Green*, 411 U.S. 792 (1973). *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000); *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 117 n.2 (2d Cir. 2010). Under that framework, a plaintiff must first establish a *prima facie* case of discrimination, which then shifts the burden to the employer to come forward with a legitimate, nondiscriminatory reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the employer provides such a justification, the plaintiff must present evidence from which a reasonable jury could find that the employer's explanation is a pretext for intentional discrimination. *See id.* at 143.

Even if we assume that Palencar established a *prima facie* case of discrimination, the record is clear that NYPA proffered legitimate reasons for the various employment actions Palencar challenges as discriminatory, and that Palencar failed to adduce sufficient evidence from which a jury could find pretext. *See, e.g., Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187–88 (2d Cir. 2006).

At the third step of the *McDonnell Douglas* framework, our task is to "examin[e] the entire record," using a case-specific approach, "to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Schnabel*

4

*v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000) (internal quotation marks omitted); *see also Zimmermann v. Assocs. First Cap. Corp.*, 251 F.3d 376, 382 (2d Cir. 2001). To defeat summary judgment, the plaintiff must produce enough evidence to support a rational finding not only that the employer's nondiscriminatory reasons were false but also "that more likely than not discrimination was the real reason for the" employment actions. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (brackets and internal quotation marks omitted)).

The overall record, the entirety of which we do not detail here, shows that Palencar's subordinates lodged repeated complaints against him over the course of several years, that he was consistently combative and defiant toward his superiors, and that he was unwilling to incorporate constructive feedback in response to his performance reviews over that time. Even if it could be argued that Palencar presented some evidence of pretext, the record, taken as a whole, does not permit a reasonable trier of fact to find that "the most likely alternative explanation" for his termination was sexual orientation discrimination. *Reeves*, 530 U.S. at 147; *see James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000) (explaining that a plaintiff is not guaranteed a trial merely because he can

satisfy a *prima facie* case and can adduce "evidence that arguably would allow a reasonable factfinder to conclude that [the employer's] explanation . . . is false").

## II.    Retaliation

We similarly apply a burden-shifting framework to retaliation claims under Title VII and the NYSHRL, which prohibit employers from retaliating against employees because, as relevant here, the employee opposed a discriminatory practice or brought a discrimination charge against the employer. 42 U.S.C. § 2000e–3(a); N.Y. Exec. Law § 296(7). As with discrimination claims, if the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the employer to offer "a legitimate, non-retaliatory reason for the adverse employment action." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (internal quotation marks omitted). If the employer articulates such a reason, "the presumption of retaliation dissipates," leaving the plaintiff to "prove that the desire to retaliate was the but-for cause of the challenged employment action." *Id.* (internal quotation marks omitted). He can do so "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

Palencar claims that he suffered adverse employment actions as retaliation for bringing his previous settled lawsuit and for making subsequent internal and external complaints alleging unlawful activity. But, as noted above with respect to Palencar's discrimination claims, even if we assume that Palencar has established a *prima facie* case of retaliation, there can be no question that NYPA proffered legitimate, non-retaliatory reasons for disciplining and ultimately terminating him. Based on the totality of the record, we agree with the district court that a rational jury could not find that retaliation was the but-for cause of the actions taken against Palencar.

We have considered the rest of Palencar's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7